UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL ACTION NO. 4:12-cr-261 |
| | § | |
| JUAN GUTIERREZ-ALVAREZ | § | |

## MEMORANDUM AND ORDER

The Court is in receipt of Defendant Juan Gutierrez-Alvarez's Motion for Funds and his sworn Financial Affidavit in support. (Doc. Nos. 177-178.) Claiming indigency, Mr. Gutierrez-Alvarez seeks a free transcript of the December 2013 trial in this case. That trial resulted in a mistrial after approximately two-and-one-half days. *See* Clerk's Minute Entries for December 16-18, 2013. A re-trial has been scheduled to begin on June 9, 2014. The Government has filed a response in opposition. (Doc. No. 180.) The Government objects that Mr. Gutierrez-Alvarez has not been determined to be indigent and that defense counsel has supplied no legal authority that would authorize retained counsel to obtain government funds for trial preparation.

### I.    FINANCIAL ELIGIBILITY

Mr. Gutierrez-Alvarez retained David Breston to represent him in these proceedings; the Government is correct that he has not previously been found indigent or otherwise unable to afford counsel. However, after reviewing his Financial Affidavit, the Court is persuaded that Mr. Gutierrez-Alvarez is now financially eligible not only for a free transcript, but also for appointed counsel. Mr. Gutierrez-Alvarez is not currently employed, and his spouse earns barely enough to pay their modest bills. *See* Doc. No. 178. Whether considered under the Criminal Justice Act's ("CJA") "financially unable to obtain counsel" standard, 18 U.S.C. § 3006A(b), or a more

searching indigency standard, the Court is satisfied that Mr. Gutierrez-Alvarez's financial situation entitles him to the relief below.

## II.   APPOINTMENT OF COUNSEL

Having determined that Mr. Gutierrez-Alvarez is financially eligible, the Court will appoint David Breston, Mr. Gutierrez-Alvarez's previously retained counsel, to represent Mr. Gutierrez-Alvarez for the pendency of these criminal proceedings. Mr. Gutierrez-Alvarez is charged with felonies under 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(viii), and 846, and 18 U.S.C. § 2. These charges entitle him to appointed counsel, should he satisfy the financial requirements. *See* 18 U.S.C. § 3006A(a)(1).

Further, the CJA provides that:

> If at any stage of the proceedings, including an appeal, the United States magistrate judge or the court finds that the person is financially unable to pay counsel whom he had retained, it may appoint counsel as provided in subsection (b) and authorize payment as provided in subsection (d), as the interests of justice may dictate.

18 U.S.C. § 3006A(c). Subsection (b) is silent as to the appointment of previously retained counsel, but the United States District Court for the Southern District of Texas's plan for implementing the CJA explicitly includes such counsel:

> If at any stage of the proceedings, including an appeal, the court finds that a person who previously did not have counsel appointed under the Act is financially unable to pay counsel whom he or she had retained, the court may appoint counsel as provided in the Act, *including the previously retained counsel*, and authorize such payment as therein provided, as the interests of justice may dictate.

Criminal Justice Act Plan, Gen. Order No. 2006-7, Section IV(D)(2)(b) (S.D. Tex. May 12, 2006) ("CJA Plan") (emphasis added). Although Mr. Breston is not a member of the United States District Court for the Southern District of Texas's CJA Panel, this provision allows for the appointment of previously retained counsel without regard to membership on the CJA Panel.

2

Mr. Breston has represented Mr. Gutierrez-Alvarez throughout the pendency of this case, including at the previous trial. The Court finds that his appointment is in the interest of justice because of Mr. Breston's deep familiarity with the case, the importance of continuity of representation, and because doing so would promote the speedy resolution of the case, thereby conserving both judicial economy and taxpayer expense. Mr. Breston shall be entitled to payment for this representation as provided by the CJA. *See* 18 U.S.C. §§ 3006A(c)-(d).

## III.     TRANSCRIPT OF THE PREVIOUS PROCEEDINGS

"An indigent defendant has both a constitutional and a statutory right to a free transcript of prior proceedings if it is reasonably necessary to present an effective defense at a subsequent proceeding." *United States v. Pulido*, 879 F.2d 1255, 1256 (5th Cir. 1989) (citing *United States v. Johnson*, 584 F.2d 148, 157 (6th Cir.), *cert. denied*, 440 U.S. 918, 99 S. Ct. 1239, 59 L. Ed. 2d 469 (1978); 18 U.S.C. § 3006A(e)(1)). The Supreme Court has extended this right to the situation of a mistrial followed by a subsequent prosecution, but has conditioned that extension somewhat. *See Britt v. North Carolina*, 404 U.S. 226, 92 S. Ct. 431, 30 L. Ed. 2d 400 (1971). The *Britt* Court identified two factors relevant to the determination: 1) the value of the transcript for the subsequent proceeding, and 2) the availability of alternatives. 404 U.S. at 227, 92 S. Ct. at 433-34. The Court determined that courts may assume that such a transcript is valuable to a defendant in preparation for or in use at the next trial. 404 U.S. at 228, 92 S. Ct. at 434.

The *Britt* court denied the transcript because it found that there was an adequate alternative available. In those "narrow circumstances," the trials were separated by only one month, and the same counsel represented the defendant at the two trials. The Court relied heavily on defense counsel's concession that, in that small-town's legal community, he could have easily obtained a great deal of informal assistance from the court reporter. 404 U.S. at 227, 228-29, 92

3

S. Ct. at 433-35. In view of this, in implementing *Britt*'s requirements, the Fifth Circuit has stated that it will "only infrequently" find adequate substitutes for a transcript. *Pulido*, 879 F.2d at 1257 (citing *Tague v. Puckett*, 874 F.2d 1013 (5th Cir. 1989)).

Not only is the Court is satisfied that Mr. Gutierrez-Alvarez is financially eligible, it also believes that a transcript of the December 2013 trial is necessary for his defense, and that there are no adequate alternatives to such a transcript. While, here, the same counsel will represent the defendant at the second trial, the second trial is not currently scheduled to begin until June 9, 2014, roughly six months after the first trial. *See* Doc. No. 182. In addition, the Court is mindful of the Supreme Court's admonition that it has "repeatedly rejected the suggestion that in order to render effective assistance, counsel must have a perfect memory or keep exhaustive notes of the testimony given at trial," and that it harbors "doubt that it would suffice to provide the defendant with limited access to the court reporter during the course of the second trial." *Britt* at 404 U.S. 229, 92 S. Ct. at 434. Finally, and significantly, the Government has not suggested – and defense counsel has not conceded – that an adequate alternative to a transcript exists.

## IV.    CONCLUSION

Accordingly, Mr. Gutierrez-Alvarez's Motion is **GRANTED**. A transcript of the December, 2013 trial will be provided at no expense to him. Further, for the above reasons, David Breston is hereby **APPOINTED** as counsel for Mr. Gutierrez-Alvarez.

**IT IS SO ORDERED**.

**SIGNED** in Houston, Texas, on this the ___ day of February, 2014.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE